IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 3:02-CR-130 |
| ) | (JORDAN/GUYTON) |
| MICHAEL A. NOLAN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The defendant's Motion To Approve Payment Over Cap As Extended and Complex Litigation [Doc. 50] is before the Court on referral by the District Court. The defendant's counsel, Attorney Bruce E. Poston, who was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of this motion for a waiver of the case compensation maximum limit of $5,200 per felony case for each defendant.

In his motion, Mr. Poston asserts that as defendant Nolan's counsel, he has participated in a considerable amount of pretrial activity, including an inordinate amount of time in client's cooperation efforts for a downward departure. According to Mr. Poston, this is what created an eighteen month representation period, along with the fact that the defendant attempted to withdraw his guilty plea after discovering additional witnesses. Mr. Poston also cites unique legal issues which were raised as part of defending the "felon in possession" charge. For these reasons, Mr. Poston contends that this case is complex and extended and requests that the maximum payment under the Criminal Justice Act be extended so that he may be compensated for his participation in this case.

Payment in excess of the $5,200 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). The following regulation is pertinent to the question of whether or not the $5,200 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or magistrate and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or magistrate and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(b)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the

presiding judge's authority to reimburse <u>expenses</u> of counsel except as to compensation for investigators and other experts.  18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22B(1)(i).

The Court finds that in the present case, the Superseding Indictment [Doc. 33] charges the defendant with one count of felon in possession of a firearm, one count of robbery, and one count of possession of a firearm during a crime of violence.  The defendant was convicted of one count of robbery on May 24, 2004.  The counts alleging the defendant were dismissed. [Doc. 45].  The defendant was sentenced to one hundred twenty (120) months in prison, with three (3) years supervised release. [Doc. 45].

The Court finds that this case involved extensive investigation.  Moreover, just reviewing the case file and advising the defendant on his motions would have required a significant amount of time in excess of that devoted in a typical case.  The Court also finds that the defendant's novel theories of defense and other pretrial matters have added to the time required to represent him.

Because of the number and unusual nature of the legal issues raised by the defendant, the nature and seriousness of the charge of which he has been convicted, and the noted challenges involved in communicating with this particular defendant, it is the Court's opinion that this case meets the definition of "complex" in that the legal or factual issues have required the expenditure of more time, skill and effort by counsel than would normally be required in an average case and that the case is "extended" as it has required more time than usual for total processing.  The Court finds that in light of the case being complex and extended, excess payment may well be necessary to provide fair compensation to counsel.  Of course, the actual voucher will be scrutinized by the Court and a determination will be made of whether a

fair and reasonable fee is claimed.

For the reasons indicated, it is **RECOMMENDED** that the court sign and forward the attached "Memorandum and Order Concerning Excess and Interim Payments" to the Chief Judge of the Circuit or his designee. This procedure is approved in Chapter II and Appendix E to the *Guide to Judiciary Policies and Procedures*.

If the Chief Judge or his designee approves the request, the regulations provide that the court should then take the following steps:

> (1) The memorandum and order concerning excess and interim payments should be filed with the clerk; and
>
> (2) A copy of that document should be sent to the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Appendix E, *Guide to Judiciary Policies and Procedures*.

For the reasons indicated, it is **RECOMMENDED** that the Motion To Approved Payment Over Cap As Extended and Complex Litigation [Doc. 50] be **GRANTED** pursuant to the procedures in the *Guide to Judiciary Policies and Procedures* and as set out above.[1]

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).